UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

ROCCO COSTABILE,

                    Plaintiff,              17 Civ. 8488

        -against-                           OPINION

NEW YORK DISTRICT COUNCIL OF
CARPENTERS, WILLIAM LACEY

                    Defendants.

-------------------------------------X

A P P E A R A N C E S:

        Pro Se

        ROCCO COSTABILE
        739 Midland Avenue
        Yonkers, NY 10704


        Attorneys for Defendants

        LYDIA A. SIGELAKIS
        Spivak Lipton LLP
        1700 Broadway, Suite 2100
        New York, NY 10019
        (212) 765-2100

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 9/10/18

**Sweet, D.J.**

Defendants, New York City ("The City") and Vicinity District Council of Carpenters (the "District Council" or the "Union"), sued herein as "New York District Council of Carpenters") and William Lacey ("Lacey") (collectively, the "Defendants") have moved pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure to dismiss the Complaint of the *pro se* plaintiff Rocco Costabile ("Costabile" or the "Plaintiff") with prejudice for insufficient service of process and failure to state a claim. Based upon the following conclusions, the motions are granted.

**Prior Proceedings**

On January 29, 2018, Defendants were served with the Complaint, but no summons. See Affidavit of Leslie Chappel, February 16, 2018 ¶¶ 4-6. Plaintiff represented to the Court that he served Defendants with the summons. See ECF No. 4.

The factual allegations in the Complaint are taken as true. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). The following facts, which are taken from the *pro se* Complaint form and

1

documents attached thereto, are construed in the light most favorable to Plaintiff.

Plaintiff identifies himself as a "white-Italian Male" who has a "qualifying disability." Compl. at 8. In July 2001, Plaintiff resigned his position as a carpenter with the New York City Housing Authority and took a job as a carpenter at the New York City Health & Hospitals Corporations ("NYCHHC"). See Compl. at 3, 6, 8. The District Council was Plaintiff's union, and Lacey is its Director for Civil Service Carpenters. See Compl. at 6, 8. Plaintiff's employment with NYCHHC was terminated on September 10, 2015. Compl. at 6, 8. After his termination, "Lacey never once looked into [Plaintiff's] situation to assist [Plaintiff]." Compl. at 6. Moreover, "several times [Plaintiff] needed representation from [Defendants]," but representation "never materialized." Compl. at 6.

Plaintiff was suspended from work by NYCHHC from May 1, 2007 to December 19, 2008. The Union filed a grievance which resulted in a proposed $60,000 back pay settlement payment to Plaintiff because Plaintiff should only have been suspended for 30 days. See Compl. at 6. Plaintiff did not sign the settlement agreement, however, and therefore did not receive the payment. Id. Plaintiff was put back on payroll in December 2008, but was

assigned to a hospital that "was not [his] pick." Compl. at 11. This assignment resulted in Plaintiff having "to walk very far after parking [his] car [and] this . . . aggravated [his] disability." Id. The "District Council did nothing to represent [Plaintiff]." Id.

Apparently, in the same incident that resulted in the 2007-2008 suspension, the Union "backed the wrong member—Malick Byrne," who, at some unspecified time, was asked to resign from NYCHHC. Compl. at 6.

Plaintiff "recently found out when [he] applied for his pension, that [his] employment with NYCHHC was not a civil service job. Had [he] ben aware that it was not a civil service job [he] would have stayed with [his] former agency at NYC Housing Authority." Id. Plaintiff "lost 5 years of work and hundreds of thousands of dollars in salary, pension and benefits for injuries sustained while employed at NYCHHC." Id.

"In October 2012, [Plaintiff] mailed 2 quarterly dues checks to the union to keep [him] in good standing . . . with the union since [he] joined in 1974 by paying [his] dues." Compl. at 11.

The instant motion was unopposed and marked fully
submitted on April 4, 2018. ECF No. 12.

**Applicable Standard**

On a Rule 12(b)(6) motion to dismiss, all factual
allegations in the complaint are accepted as true, and all
inferences are drawn in favor of the pleader. Mills v. Polar
Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). However, "a
plaintiff's obligation to provide the grounds of his entitlement
to relief requires more than labels and conclusions." Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks
omitted). A complaint must contain "sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)
(quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly,
550 U.S. at 556). In other words, the factual allegations must
"possess enough heft to show that the pleader is entitled to

4

relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)) and Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); see also Williams v. Calderoni, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

## The Complaint against the District Council and Lacey is Dismissed for Lack of Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court

5

lacks statutory or constitutional power to adjudicate it."
Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

On his form complaint Plaintiff sued the Union and
Lacey for "alleged violations of state and federal employment
discrimination laws." In substance, however, his claims are that
the [Defendants] did not properly represent him . . . ." See
generally Sales v. Clark, 2015 U.S. Dist. LEXIS 160344, at *1
(S.D.N.Y. Nov. 30, 2015). As Plaintiff alleges, his claims arose
in his capacity as an employee of the New York City Health and
Hospitals Corporation. See Compl. at 3, 6, 8. As such, his
employment was governed by the New York City Collective
Bargaining Law ("NYCCBL"). See NYCCBL § 12-303(9)("The term
'public employer' shall mean . . . the New York City Health and
Hospitals Corporation[.]"), § 12-303(h)("The term 'public
employees' shall mean municipal employees and employees of other
public employers"), and § 12-304 (statute applies to public
employers and their public employees), New York City
Administrative Code, Title 12, Chapter 3.

Plaintiff's allegations against the Union and Lacey
deal solely with the alleged inadequate representation of
Plaintiff. See Compl. at 5, 6, 8, 11. Such breach of duty of
fair representation ("DFR") claims constitute alleged improper

6

practices under the NYCCBL. NYCCBL § 12-306(b)(3). Dismissal is proper because "federal courts lack jurisdiction over DFR claims brought by public employees because those claims do not arise under federal law." See Clark, 2017 LEXIS 31739.

Moreover, improper practice claims, such as those alleging a union breached its duty of fair representation, must be filed with the Office of Collective Bargaining "within four months of the occurrence of the acts alleged to constitute the improper practice or of the date the [employee] knew or should have known of said occurrence." NYCCBL § 12-306(e). Since the most recent of Plaintiff's allegations are several years old, Plaintiff's claims are plainly time-barred by the relevant four-month statute of limitations.

## The Motion to Dismiss the Federal, State and City Anti-Discrimination Law Claims are Dismissed

"Motions to dismiss based on a statute of limitations defense may be properly brought under Rule 12(b)(6)" of the Federal Rules of Civil Procedure. NCUA Bd. v. Morgan Stanley & Co., 2074 U.S. Dist. LEXIS 1809, at *11 (S.D.N.Y. Jan.22, 2014) (citing McKenna v. Wright, 386 F.3d 432,436 (2d Cir.2004) and Ghartey v. St. John's Queen's Hosp., 869 F.2d 160, 162 (2d Cir. 1989)).

**Plaintiff's Title VII Claims are Dismissed as Time Barred**

By checking off the relevant complaint form boxes,
Plaintiff alleges violations of Title VII of the Civil Rights
Act of 1964 based on race and national origin. (Compl. at 3.)
For a claim to be timely under Title VII, Plaintiff would have
to have filed his charge with the U.S. Equal Employment
Opportunity Commission ("EEOC") "within three hundred days after
the alleged unlawful employment practice occurred." 42 U.S.C. $
2000e-5(e)(1). See also Brandon v. O'Mara, 2077 U.S. Dist. LEXIS
112314, at * 10 (S.D.N.Y. Sept. 30, 2011 (and cases cited
therein) ("For a Title VII claim arising in New York to be
timely, a plaintiff must file the charge with the Equal
Employment Opportunity Commission ('EEOC') within 300 days of
the allegedly unlawful employment practice.") (quotation marks
omitted).

It is appropriate to dismiss suits in which the charge
was filed more than 300 days after the alleged discrimination.
See, e.g., Mira v. Kingston, 218 F. Supp. 3d 229,234-5,237
(S.D.N.Y. 2016) aff'd Mira v. Kingston, 2017 U.S. App. LEXIS
21475 (2d Cir. N.Y. Oct. 30, 2011) (finding "Title VII's statute
of limitations provision bars employment discrimination claims

based on events that occurred more than 300 days prior to filing a charge of discrimination" and dismissing with prejudice *pro se* plaintiff's Title VII claims as barred by the applicable statute of limitations).

As the EEOC Charge of Discrimination attached to the Complaint indicates, Plaintiff's EEOC charge was stamped received by the EEOC on January 11, 2017. Compl. at 8. Based on Plaintiff's allegation that he filed his EEOC charge on December 31, 2016, Compl. Section V at 6, the last alleged unlawful act by Defendants must have occurred no earlier than March 10, 2016—300 days prior to December 31, 2016.

However, Plaintiff cites no acts or omissions on the part of the Defendants that occurred on or after March 10, 2016. The most recent allegation against Defendants concerns Plaintiff's September, 2015 termination by NYCHHC (see Compl. at 8) when the Union allegedly failed to assist him. See Compl. at 6, 8.) The allegation that on or about October 2012 Plaintiff mailed two quarterly dues checks, which were returned by the Union (see Compl. at 11), is likewise time-barred. The allegation involving a suspension that ended in December 2008 and the Union's alleged handling of the related grievance on

9

behalf of Plaintiff is also time-barred. See Compl. at 5, 11.
The Complaint is dismissed with prejudice as untimely.

**Plaintiff's ADA Claims are Dismissed as Time-Barred**

The ADA adopts Title VII's procedures by reference.
See 42 U.S.C. § 12117(a), 42 U.S.C. $ 2000e-5(e). "Since under
the ADA, the procedures for filing claims are governed by the
procedures provided in Title VII, see 42 U.S.C. § 12117(a), the
same 300-day rule applies to ADA claims as well." Brandon v.
O'Mara, 2011 U.S. Dist. LEXIS 112314, at *10 (S.D.N.Y. Sept. 30,
2011) (and cases cited therein) (dismissing as untimely *pro se*
plaintiff's ADA claims arising out of events that occurred more
than 300 days before filing of the EEOC charge). For the same
reasons that Plaintiff's Title VII claims are time-barred,
Plaintiff's ADA claims, to the extent he alleges any, are
likewise time-barred and therefore are dismissed with prejudice.

**Plaintiff's New York State Human Rights Law and the New York
City Human Rights Law are Dismissed as Time-Barred**

A civil action commenced under the New York City Human
Rights Law "must be commenced within three years after the
alleged unlawful discriminatory practice or act of
discriminatory harassment . . . occurred." Admin. Code of the

10

City of New York, § 8-502(d). Likewise, civil actions alleging violations of the New York State Human Rights Law must be brought within three years of the alleged discriminatory act. See, e.g., Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1991) ("A claim under the NYSHRL must . . . be filed within three years of the alleged discriminatory act.); Smith v. Johnson, 636 Fed. Appx. 34, 36 (2d Cir.2016) (finding complaint by *pro se* plaintiff time barred because many of the alleged discriminatory acts occurred outside the three-year limitations period for the NYSHRL and the NYCHRL).

The Complaint was filed on November 2, 2017, therefore the last alleged unlawful act by Defendants must have occurred no earlier than November 2, 2014. The only alleged act that could possibly fall within this three-year window is Defendants' alleged response to Plaintiff's September 10, 2015 termination. All other allegations are time-bared.

## Plaintiff's Title VII Claims Against Lacey Are Dismissed

Under federal law, a plaintiff cannot assert a Title VII claim against an individual defendant. See, e.g., Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir.2000) (affirming district court's dismissal of Title VII claims against individual

defendants because "individuals are not subject to liability under Title VII"); see also Mira v. Kingston, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016) aff'd Mira v. Kingston, 2017 U.S. App. LEXIS 21415 (2d Cir. N.Y. Oct. 30, 2017) (finding "to the extent Plaintiff has tried to assert a Title VII claim against any of the individual defendants . . . , she fails to state a claim under federal law, and those claims are dismissed with prejudice"). Therefore, Plaintiff's Title VII claims against Defendant Lacey, an employee of the Union (see Compl. at 6, 8), fail as a matter of law.

There is no individual liability under the ADA. See, e.g., Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010) ("the remedial provisions of Title VII, including $ 2000e-5, do not provide for individual liability. Accordingly, it follows that, in the context of employment discrimination, the retaliation provisions of the ADA, which explicitly borrows the remedies set forth in § 2000e-5, cannot provide for individual liability."); see also Washington v. Borough of Manhattan Cmty. College, 2016 U.S. Dist. LEXIS 176593, at *4 (S.D.N.Y. Dec. 21, 2016) (finding dismissal of ADA and Title VII claims against college president proper because individual defendants cannot be held liable under these statutes). Therefore, just as Plaintiff's Title VII claims

against Lacey must be dismissed, so must his ADA claims against Lacey be dismissed with prejudice.

## **Plaintiff's Claim of Discriminatory Motivation is Dismissed**

Plaintiff fails to plead that he was discriminated against because of his race or national origin in violation of Title VII.

"The sine qua non of a . . . discriminatory action claim under Title VII is that the discrimination must be because of the employee's protected characteristic." Humphries v. City Univ. of N.Y., 2013 U.S. Dist. LEXIS 169086, *19 (S.D.N.Y. Nov. 26, 2013) (citation and internal quotation marks omitted). "[A] claim for discrimination under Title VII is properly dismissed where the plaintiff fails to plead any facts that would create an inference that any adverse action taken by any defendant was based upon the protected characteristic." Id. at *19-*20 (citation and internal quotation marks omitted). See also O'Toole v. Cty. of Orange, 255 F. Supp.3d 433, 438 (S.D.N.Y.2011) ("The law in this Circuit is clear that the 'sine qua non' of a Title VII discrimination claim is that the discrimination must be because of a protected characteristic].") (citation and internal quotation marks omitted).

Plaintiff has failed to adequately allege that Defendants discriminated against him because of his race or national origin. See Offor v. Mercy Med. Ctr., 676 Fed. Appx. 51, 53 (2d Cir.2017) ("For a [Title VII race and national original claim to survive a motion to dismiss, [Plaintiff] must plausibly allege that [his] race or national origin was a motivating factor in the employment decision.") (Granting Defendants' motion to dismiss because "bare allegations that [Plaintiff's] mistreatment was due to race are not enough to survive dismissal").

Plaintiff's lone reference to his race and national origin appear in his EEOC Charge where he claims that he is "a White-Italian Male" (Compl. at 8.) Plaintiff alleges no facts whatsoever that suggest the "lack of representation" by the Union took place under circumstances giving rise to an inference of discrimination based on his race, national origin, or any other alleged protected category. Nor does Plaintiff allege that Defendants were aware of his protected categories. The Complaint does not therefore give rise to an inference that Defendants discriminated against Plaintiff.

**Plaintiff's Disability Claim in Violation of the ADA is Dismissed**

A plaintiff alleging discrimination under the ADA must allege facts that his employer is subject to the ADA, that he was disabled within the meaning of the ADA, that he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation, and that he suffered adverse employment action because of his disability. See, e.g., Brandon v. O'Mara, 2011 U.S. Dist. LEXIS 112314, at *12-*13 (S.D.N.Y. Sept. 30, 2011). A plaintiff must also adequately plead that the adverse action was taken because of a qualifying disability. See, e.g., Smith v. Hogan, 794 F.3d 249 253 (2d Cir. 2015) ("[A] plaintiff must adequately plead that he was terminated because of a qualifying disability").

Although Plaintiff makes the conclusory statement, "I have a qualifying disability, and my employer is aware of my disability" (Compl. at 8), nowhere does he allege that Defendants were aware of his disability or that Defendants' alleged failure to represent him was due to his disability. Therefore, because Plaintiff fails to plead even a barebones claim of disability discrimination, that claim is dismissed with prejudice.

15

**Plaintiff's NYSHRL Discrimination Claims are Dismissed**

"Claims brought under the NYSHRL are analyzed identically and the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under . . . Title VII." Motta v. Global Contract Servs., 2016 U.S. Dist. LEXIS 59771, at *7 (S.D.N.Y. May 4, 2016) (citation and internal quotation marks omitted); see also Henry v. NYC Health & Hosp. Corp., 18 F. Supp. 3d 396,404 (S.D.N .Y .2014) (stating that "substantive standards for liability under [Title VII and the NYSHRL] are coextensive" and granting motion to dismiss discrimination and retaliation claims under both statutes); Humphries v. City Univ. of N.Y., 2013 U.S. Dist. LEXIS 169086 , at*37 (S.D.N.Y. Nov. 26, 2013) ("Claims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII.") (citing Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 107 (2d Cir. 2011)) (internal quotation marks omitted)). Thus, because Plaintiff fails to state any discrimination claims under Title VII, his NYSHRL discrimination claims fail as well.

"'New York State disability discrimination claims are governed by the same legal standards as federal ADA claims.'"

Giambattista v. Am. Airlines. Inc., 584 Fed. Appx. 23, 26 (2d
Cir. 2014) citing Rodal v. Anesthesia Grp. of Onondaga. P.C.,
369 F.3d 113, 117 n.1 (2d Cir.

2004). Because the "[C]omplaint pleads no facts that
would allow a court to draw a reasonable inference that
[Plaintiff] was subjected to any mistreatment or adverse action
because []he was [disabled] . . . []he has not alleged any
discrimination or harassment that would plausibly entitle [him]
to relief." Id. Therefore, Plaintiff's NYSHRL disability
discrimination claims fail.

## Plaintiff's NYCHRL Discrimination Claims Are Dismissed

Discrimination claims under the NYCHRL are subject to
a "more liberal judicial construction than those brought under
federal or state law." Humphries v. City Univ. of N.Y., 2013
U.S. Dist. LEXIS 169086, at*37 (S.D.N.Y. Nov.26, 2013).
Notwithstanding this more liberal standard, to survive a motion
to dismiss a plaintiff must plead facts that could give rise to
an inference of discrimination based on a protected category.
Id. Plaintiff fails to plead any such facts, and his claims
under the NYCHRL are therefore dismissed.

17

**Plaintiff's Claims of Retaliation are Dismissed**

To survive a motion to dismiss a Title VII retaliation claim, Plaintiff must plead that (1) he participated in a protected activity, (2) Defendants knew of his participation, (3) he was subject to an adverse employment action, and (4) there was a causal connection between participation in the protected activity and the adverse employment action. See e.g., Moy v. Perez, 2017 U.S. App. LEXIS 19820 at *3 (2d Cir. Oct. 11, 2017), Littlejohn v. City of New York, 195 F.3d 297 at *315-16 (2d Cir. Nov. 5, 2014), Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007).

"Protected activity" refers to either opposing a practice made unlawful by Title VII or making a charge, testifying, assisting, or participating in any manner in an EEOC investigation, proceeding, or hearing. See Littlejohn, 795 F.3d at 316. Where, as here, a plaintiff merely complains of unfair treatment, there is no basis for finding unlawful retaliation. Lawtone-Bowles v. City of New York Dep't of Sanitation, 22 F. Supp.3d 341, 351 (S.D.N.Y. 2014).

Plaintiff fails to plead any element of a claim for retaliation. The only reference to retaliation is the check mark

18

in the "Retaliation" box on page 5 of the form Complaint and on the EEOC charge form. Compl. at 5, 8. In his narrative, Plaintiff alleges no facts to suggest that he participated in protected activity of any kind or that Defendants were aware of any protected activity by Plaintiff.

Courts apply the same standard for NYSHRL retaliation claims as for Title VII retaliation claims. See Henry v. NYC Health & Hosp. Corp., 18 F. Supp .3d 396, 410 (S.D.N.Y. 2014). Plaintiff must plead (1) participation in a protected activity known to the defendant, (2) an employment action disadvantaging the plaintiff, and (3) a causal connection between the protected activity and the adverse employment action. Id. Plaintiff pleads no protected activity, let alone a protected activity known to the Defendants. Moreover, Plaintiff pleads no facts that suggest Defendants' alleged improper representation has a causal connection to any alleged protected activity. Plaintiff's retaliation claim under the NYSHRL fails for these reasons and for the same reasons his Title VII retaliation claim fails.

"Under the NYCHRL, a plaintiff need not show that any employment action was taken against h[im], but must instead show that, as result of h[is] engaging in a protected activity, some action was taken that would be reasonably likely to deter h[im]

from engaging in the activity again." <u>Gaughan v. Rubenstein</u>, 261
F. Supp. 3d 390, 406 (S.D.N.Y. 2017). Plaintiff's failure to
plead that he engaged in any protected activity dooms his NYCHRL
retaliation claim even under the most liberal of readings.

## **The Damages Sought by Plaintiff are Inappropriate**

On his form Complaint, the specific relief Plaintiff
indicates he wants is for the Court to: "direct the
defendant[s] to re-employ [him]" and "direct the defendant[s] to
reasonably accommodate [his] disability." Compl. at 7. However,
these are remedies that can only be provided by Plaintiff's
employer. Defendants are not, nor were they ever, Plaintiff's
employer. Nor does Plaintiff allege any employee-employer
relationship with either Defendant. The relief he requests is
not tenable.

## Conclusion

Based on the conclusions set forth above, the Complaint is dismissed with prejudice.

It is so ordered.

New York, NY
September 6 , 2018

_____
ROBERT W. SWEET
U.S.D.J.

21